USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-15-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH A. SAUNDERS, et al.,

                        Plaintiffs,

        - against -

BANK OF AMERICA, et al.,

                        Defendants.

**MEMORANDUM ORDER & OPINION**

**12 Civ. 9201 (GBD) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

Nine *pro se* Plaintiffs filed this action on December 17, 2012, against numerous financial institutions (together "Defendants"). Plaintiffs allege Defendants originated and serviced home mortgages to Plaintiffs in a manner that violated Plaintiffs' constitutional rights, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), the Truth in Lending Act and Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1601(a), 1639, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, the Fair Housing Act, 42 U.S.C. §§ 3601-3631, and the Real Estate Settlement Procedures Act of 1974, 6(e)(2), 12 U.S.C.A. § 2605(e)(2). Plaintiffs filed an Amended Complaint on February 13, 2013. Before the Court are three motions: (1) Plaintiffs' motion to correct the Amended Complaint; (2) Plaintiffs' motion for leave to file a Second Amended Complaint; and (3) Plaintiffs' motion to reissue service. For the reasons that follow, Plaintiffs' motions are **DENIED**.

## II. BACKGROUND

Plaintiffs filed their original Complaint and accompanying exhibit on December 17, 2012. (Doc. No. 1.) The Complaint is seventy-eight pages in length, and the Exhibit is sixteen pages. In their Complaint, Plaintiffs named the following Defendants in the caption: Bank of America; Citi Mortgage; JP Morgan Chase N.A.; Wells Fargo Home Mortgage; Ally

Financial/GMAC; Deutsche Bank Trust Company; and US Bank National N.A. Trustee. On February 13, 2013, Plaintiffs filed an Amended Complaint that is twenty-seven pages in length. (Doc. No. 14.) In their Amended Complaint, Plaintiffs named one new Defendant in the caption: WRI Capital Group LLC.

On April 23, 2013, Plaintiffs filed a seventy-one-page motion to correct the Amended Complaint. (Doc. No. 27.) Two Exhibits, totaling sixty-nine pages, are attached. In support of their request, Plaintiffs cite Rule 15(a)'s liberal amendment standard. (*Id.* at 7.) Plaintiffs request that the following Defendants be added to the Complaint:

> Brian T. Moynihan, personally; U.S. Attorney Southern NY District; Eric Holder, Attorney General US; MERSCORP; Sanjiv Das, personally; John G. Stomp, personally; Michael Carpenter, personally; Jacques Brand, personally; Richard Davis, personally; Wayne Tingle, personally; Bank of New York Mellon, aka Bank of New York; and Scott Poster, personally.

Plaintiffs request to amend their Complaint for a second time because "the amended complaint listed several defendants within the body of the complaint but were not properly added to the cover sheet." (Doc. No. 32 at 3.) They further assert that the "identities of these additional parties were made available to [Plaintiffs] in most recent discovery and were unavailable to [Plaintiffs] previously." (*Id.* at 5.)

On July 30, 2013, Plaintiff Deborah Saunders ("Saunders") filed a motion to reissue service "because the P.O. box was wrong." (Doc. No. 31.) Saunders additionally indicated that she gave the Pro Se office a new address.

On October 15, 2013, Plaintiffs filed a thirty-page motion requesting permission to file a Second Amended Complaint in order to add additional Defendants. (Doc. No. 32.) With the exception of the cover page, this submission is identical to first thirty pages of the April 23 motion, and states the exact same grounds for relief.

2

The submissions in this action, which total two hundred ninety-one pages, are not clearly written or easy to understand. The original Complaint and the Amended Complaint do not inform the Court who violated Plaintiffs' federally protected rights, how Plaintiffs' federally protected rights were violated, when such violations occurred, nor why Plaintiffs are entitled to relief. Plaintiffs submissions contain excerpts from newspaper articles and opinion-editorials that do not pertain to their specific claims. Plaintiffs use legal terms that have no meaning in the context in which they are used. The paragraphs are not numbered. There are no clear and concise allegations of what specific actions Defendants undertook that caused harm to the individual Plaintiffs. Plaintiffs' motions are not presented in an organized fashion, either factually or legally.

### III. DISCUSSION

**A. Motions for Leave to File a Second Amended Complaint (Doc. Nos. 27, 32)**

Courts should grant parties leave to amend pleadings "when justice so requires." *See* Fed. R. Civ. P. 15(a). *Pro se* litigants in particular should be afforded reasonable opportunities to amend in order to demonstrate the existence of a valid claim. *Stevens v. Goord*, 2002 WL 987293 at *1 (S.D.N.Y. May 10, 2002) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984)). However, leave to amend may be denied for reasons such as the movant's undue delay, bad faith, or dilatory motive; the futility of the amendment; and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is considered "futile if [the] proposed claim could not withstand a motion to dismiss." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).

Notwithstanding Plaintiffs' *pro se* status, their motions for leave to file a Second Amended Complaint are denied. Plaintiffs state that they failed to name all Defendants in the

3

caption. However, Plaintiffs have had ample time to amend their Complaint, and have already done so. Nearly a full year has passed since Plaintiffs filed their original Complaint, and they have yet to serve Defendants or to advance the litigation in any meaningful way. Further, Plaintiffs have failed to indicate how any of the parties sought to be added have engaged in overt acts that have directly harmed Plaintiffs. Finally, two of the parties that Plaintiffs seek to add – the U.S. Attorney for the Southern District of New York and U.S. Attorney General Eric Holder, – are immune from suit. Under the principle of sovereign immunity "the United States may not be sued without its consent." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

**B. Motion to Reissue Service (Doc. No. 30)**

Saunders's additional request that the Court reissue service must be denied. In support of her request, Saunders indicates that the post office box she provided "was wrong" and that she has a new address. (Doc. No. 30.) However, the docket indicates that the *Pro Se* Office has already sent two Rule 4 information packages to Saunders, on March 1, 2013, and again on April 8, 2013. The March 1 package was returned as undeliverable because Saunders had provided a post office box as her address. Shortly thereafter, Saunders advised the Court of her change of address, indicating a street address rather than a post office box. (Doc. No. 20.) The Court promptly remailed the Rule 4 information package to Saunders's street address. The address that Saunders provided in her request to reissue service is the same street address to which the information package was mailed on April 8.

4

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' motions are **DENIED**. Plaintiffs are directed to serve the Amended Complaint on Defendants by **December 18, 2013**. Failure to serve by that date may result in the case being dismissed for failure to prosecute.

This Memorandum Opinion & Order resolves Docket Numbers 27, 30, and 32.

**SO ORDERED this 15th day of November 2013**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**