UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH A. SAUNDERS, et al.,

                               Plaintiffs,

- against -

BANK OF AMERICA, et al.,

                               Defendants.

**REPORT & RECOMMENDATION**

**12 Civ. 9201 (GBD) (RLE)**

**TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. BACKGROUND

*Pro se* Plaintiffs filed this action on December 17, 2012, against numerous financial institutions (together "Defendants"). In their Complaint, Plaintiffs named seven Defendants in the caption; in their Amended Complaint, they named an additional Defendant. (Doc. No. 14.) The named Defendants are:

    (1) Bank of America, N.A.;

    (2) Citi Mortgage, Inc.;

    (3) JP Morgan Chase Bank, N.A.;

    (4) Wells Fargo Bank, N.A.;

    (5) Ally Financial;

    (6) Deutsche Bank Trust Company;

    (7) U.S. Bank National, National Association; and

    (8) WRI Capital Group LLC.

On November 15, 2013, the Court denied Plaintiffs' motion to amend their Complaint in order to add additional defendants. (Doc. No. 33.) Since that date, Plaintiffs have flooded the Court with submissions, most of which are difficult to understand (*see, e.g.*, Doc. Nos. 98, 101, 105, 121,

130, 133) and many of which lack merit. (*See* Orders of the Honorable George B. Daniels, Doc. Nos. 160, 264.) Among their numerous requests, Plaintiffs have asked the Court to enter default judgment against Bank of America, N.A. (Doc. Nos. 189, 197, 200); Brian T. Moynihan (Doc. Nos. 190, 201, 222, 291); WRI Capital Group LLC (204, 205); Deutsche Bank (Doc. Nos. 197, 229, 232, 236, 266, 289); and Merscorp, Citi Mortgage, JP Morgan Chase N.A., Wells Fargo Bank N.A., Ally Financial Inc., U.S. Bank National N.A. Trustee, and Bank of New York Mellon a/k/a Bank of New York. (*See* Doc. No. 197).

## II. DISCUSSION

### A. Default Judgment

Rule 55 provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The requests for default against six of the eight Defendants – Deutsche Bank, Bank of America, N.A., Citi Mortgage, Inc., JP Morgan Chase Bank, N.A., Wells Fargo Bank, N.A., and U.S. Bank National, National Association – are meritless because these Defendants have timely responded. (*See* Doc. Nos. 71, 166-68.) I therefore recommend that the requests be **DENIED**.

Counsel for Bank of America, N.A. opposes the entry of default against Brian T. Moynihan ("Moynihan"), arguing that he is not a party to the action. (Doc. Nos. 194, 203.) The Court agrees. Rule 55 requires that default entries be made against parties only, which necessarily precludes non-parties. As Moynihan is a non-party, default judgment cannot be entered against him. The same is true for non-parties Merscorp and Bank of New York Mellon. Therefore, because Moynihan, Merscorp, and Bank of New York Mellon are not parties to this action, I recommend that Plaintiffs' request to enter default judgment against them be **DENIED**.

*Pro se* Plaintiff Wanda Beliz has moved for the entry of default against Ally Financial ("Ally"). (Doc. No. 197.) Counsel for Ally notes that "the docket in this action fails to reflect actual service upon Ally, and Ms. Beliz's request is unaccompanied by any proof of such service." (Doc. No. 239.) The Court's review of the docket corroborates Ally's argument. Because Plaintiffs failed to follow the requirements of service outlined in Rule 4 of the Federal Rules of Civil Procedure, the Court recommend that the claims against Ally be **DISMISSED**, and that the request for default judgment against Ally Financial be **DENIED**.

The only party against which default judgment may be proper is WRI Capital Group LLC ("WRI"). The docket indicates that WRI was served on January 17, 2014 (*see* Doc. No. 70), making its response due on February 7, 2014. Fed. R. Civ. P. 12(a)(1)(A)(i). On February 7, 2014, the Court received a letter from George Andrew Capps, a partner at WRI, requesting that WRI be given until March 7, 2014 to "answer, make a motion with respect to, or otherwise respond to Plaintiffs['] Amended Complaint." (Doc. No. 151.) Setting aside the fact that the request for an extension of time was received on the date the response was due, the letter is problematic for multiple reasons. First, it incorrectly states that the date to respond was February 10, 2014. (*Id.*) Second, it provides no phone number where Capps or anyone else at WRI can be reached.[1] Third, the letter states that WRI made no effort to contact Plaintiffs to ask for their consent to an extension of time. (*Id.*) Fourth, it was not filed on ECF. Since February 7, 2014, WRI has not communicated with the Court, and has not filed a response.

The Court recommends that Plaintiffs be permitted to submit information to the Court on damages caused by WRI. The damages must be related to Plaintiffs' claims. Plaintiffs may

---

[1] Indeed, the Court's staff attempted to ascertain WRI's phone number through the use of an internet search engine, but was not able to find a working phone number for the business.

3

submit any evidence that documents the damages they suffered because of acts committed by WRI. In their submission – which may not exceed fifteen pages – Plaintiffs must indicate *how* WRI caused or contributed to the damages they suffered. Plaintiffs should provide specific details and not rely on generalizations or vague ideas.

## B. Procedural Restrictions on Plaintiffs

Given the volume of meritless filings in this case, the Court hereby **ORDERS** that certain procedural restrictions be imposed on Plaintiffs. The Supreme Court and the Second Circuit have imposed procedural restrictions on their normal litigation procedures "in response to vexatious litigants." *See, e.g., In re Sassower*, 510 U.S. 4 (1993) (prohibiting *pro se* plaintiff from obtaining *in forma pauperis* status). Given the number of meritless motions and requests that Plaintiffs have filed in this Court, procedural restrictions are appropriate here. Prior to filing additional requests or motions against Defendants in this case, Plaintiffs are required to file: (1) a copy of the Court's ruling in this case; and (2) a copy of the motion or request they seek to file.

## III. CONCLUSION

For the reasons set forth above, I recommend that:

(1) Plaintiffs' requests for an entry of default judgment against Deutsche Bank, Bank of America, N.A., Citi Mortgage, Inc., JP Morgan Chase Bank, N.A., Wells Fargo Bank, N.A., and U.S. Bank National, National Association, and be **DENIED** because each has timely responded;

(2) Plaintiffs' request for an entry of default judgment against Brian T. Moynihan, Merscorp, and Bank of New York Mellon be **DENIED** because they are non-parties;

(3) the claims against Ally Financial be **DISMISSED** for failure to serve, and, accordingly, the request for default judgment against Ally be **DENIED**; and

(4) Plaintiffs be permitted to submit documentary evidence and information, not to exceed fifteen pages, on damages directly caused by WRI Capital Group LLC, specifying how WRI contributed to or caused the damages they suffered.

Further, because Plaintiffs have unduly burdened the Court with meritless motions and requests, it is **ORDERED** that certain procedural restrictions be imposed on Plaintiffs, as explained above.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: April 2, 2014**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge