UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DEBORAH A. SAUNDERS, et al.,                                    :

                          Plaintiffs,                          :

              -against-                                        :

BANK OF AMERICA, et al.,                                       :

                          Defendants.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 25 2014

MEMORANDUM DECISION
AND ORDER

12 Civ. 9201 (GBD)(RLE)

GEORGE B. DANIELS, United States District Judge:

Several of the *pro se* Plaintiffs in this case have filed multiple requests for entry of default judgment against Defendants Bank of America, N.A., U.S. Bank National N.A. Trustee, Deutsche Bank Trust Co., Citi Mortgage, Inc., JP Morgan Chase N.A., Wells Fargo Home Mortgage, Ally Financial, and WRI Capital Group LLC; as well as non-party entities Merscorp, Brian T. Moynihan, and Bank of New York Mellon a/k/a Bank of New York. (*See* ECF Nos. 189, 190, 197, 200, 201, 204, 205, 222, 229, 232, 236, 266, 289, 291.) Before this Court is the April 2, 2014 Report and Recommendation of Magistrate Judge Ellis. (ECF No. 311.)

The Report does not recommend granting a default judgment against any defendant. In his Report, Magistrate Judge Ellis recommended that this Court deny the requests for default judgment as to Defendants Deutsche Bank, Bank of America, Citi Mortgage, JP Morgan Chase Bank, Wells Fargo, and U.S. Bank National N.A. because these Defendants timely responded to the Amended Complaint. (Report at 2.) The Report also recommends that this Court deny the requests for default judgment as to non-parties Moynihan, Merscorp, and Bank of New York Mellon because Federal Rule of Civil Procedure 55 precludes entry of default judgment against non-parties. (Report at 2.) Moreover, the Report recommends that this Court deny the request

for entry of default judgment and dismiss the claims against Defendant Ally Financial because Plaintiffs have not filed any document demonstrating proof of service on this Defendant. (Report at 3.) Judge Ellis also recommended that Plaintiffs be permitted to submit information and any evidence that documents damages allegedly caused by Defendant WRI, along with specific details of how such information and evidence relate to Plaintiffs' claims. (Report at 3-4.) Finally, Judge Ellis recommended that certain procedural restrictions be imposed on Plaintiffs to limit the number of meritless motions and requests filed by Plaintiffs with this Court. (Report at 4.)

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The Court need not conduct a *de novo* hearing on the matter as a whole. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). Where no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Ellis advised the parties that pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report

would result in waiver of any objections and preclude appellate review. On April 16, 2014, Plaintiffs timely filed a joint "Objection and Opposition to Magistrate Report," in which they generally objected to Magistrate Judge Ellis's failure to recommend in the Report that default judgments be entered against Defendants. (ECF No. 328.) Upon *de novo* review, this Court ADOPTS Magistrate Judge Ellis's Report and his recommendations to (i) deny Plaintiffs' requests to enter default judgments, and (ii) impose procedural restrictions on Plaintiffs' future submissions to this Court. As the Report by Magistrate Judge Ellis does not make a determination as to the request for a default judgment against WRI, that issue is hereby RECOMMITTED to Magistrate Judge Ellis for further proceedings.[1]

## CONCLUSION

Plaintiffs' requests for entry of default judgment against Defendants Deutsche Bank, Bank of America, Citi Mortgage, JP Morgan Chase Bank, Wells Fargo, U.S. Bank National N.A., Ally Financial, and non-parties Moynihan, Merscorp, and Bank of New York Mellon are DENIED. Plaintiffs' claims against Defendant Ally Financial are DISMISSED for failure to serve. All issues and requests relating to Defendant WRI are RECOMMITTED to the magistrate judge for further proceedings.

Prior to submitting any future documents in this case, Plaintiffs are required to send any proposed filings or submissions to the Pro Se Office, which shall determine whether each submission is appropriate for filing, and make a recommendation to this Court as to whether it

---

[1] Although Defendant WRI did not enter an appearance or respond to the request for a default judgment against it until after issuance of Magistrate Judge Ellis's Report and Recommendation, counsel on WRI's behalf has since submitted to this Court a letter (ECF No. 324), a "Response" to the Report (ECF No. 326), and a separate motion to dismiss the claims against Defendant WRI (ECF No. 327).

should be accepted or rejected.[2]  If it is determined that a submission is inappropriate for filing, it

shall be returned to the sender.


Dated: New York, New York
      April 25, 2014

                                               SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[2] All of Plaintiffs' proposed filings and submissions must be sent to the Pro Se Office.  Any documents or written communications sent directly to the Court or the Clerk of the Court, rather than the Pro Se Office, will automatically be returned to the sender.