USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-29-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH A. SAUNDERS, et al.,

    Plaintiffs,

- against -

BANK OF AMERICA, et al.,

    Defendants.

REPORT & RECOMMENDATION

12-CV-9201 (GBD) (RLE)

To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:

## I. BACKGROUND

Fifteen *pro se* Plaintiffs, homeowners from Georgia, Utah, Maryland, Colorado, and Texas, bring this action against multiple financial institutions (together "Defendants"), alleging that Defendants violated various laws in the origination and servicing of home mortgages to Plaintiffs. On February 13, 2013, Plaintiffs filed an Amended Complaint. (Doc. No. 14.) Plaintiffs assert several causes of action, including violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"); the Truth in Lending Act and Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1601(a), 1639; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p; the Fair Housing Act, 42 U.S.C. §§ 3601-3631; and the Real Estate Settlement Procedures Act of 1974, 6(e)(2), 12 U.S.C. § 2605(e)(2). One Defendant was dismissed by Order of the Court. (*See* Doc. No. 331.) The remaining named Defendants are: Bank of America, N.A. ("BofA"), Citi Mortgage, Inc. ("Citi"), JP Morgan Chase Bank, N.A. ("JP Morgan"), Wells Fargo Bank, N.A. ("Wells Fargo"), Deutsche Bank National Trust Company ("Deutsche Bank"), U.S. Bank, National Association ("U.S. Bank"), and WRI Capital Group LLC ("WRI"). Before the Court are: (1) Deutsche Bank's motion to dismiss Plaintiffs' Amended Complaint; (2) a motion to sever and dismiss the Amended Complaint filed

by Defendants BofA, Citi, JP Morgan, Wells Fargo, and U.S. Bank (the "BofA Defendants"); and (3) WRI's motion to dismiss by joining in the pending motions to dismiss filed by the BofA Defendants.

For the reasons that follow, I recommend that the motions be **GRANTED** and that the Amended Complaint be **DISMISSED**.

## II. BACKGROUND

A.  **Factual History**

In their Amended Complaint, Plaintiffs claim that their lawsuit "is the result of a master system to defile the land of America and defraud the real people of the United States." (Am. Compl. at 2.) Plaintiffs claim to bring this action "on behalf of themselves and others so situated as joinder class members" under Rule 20 of the Federal Rules of Civil Procedure. (*Id.*) They state they have been "preyed upon by national enterprises" who committed "insurance fraud to enrich the CEO and corporations." (*Id.* at 3.) Plaintiffs assert that the filing of this lawsuit is a "last resort against illegal activities to seize their properties and against financial bullying." (*Id.* at 6.) Plaintiffs further state that Defendants intentionally engaged in a "pattern and practice of racketeering" in the origination and servicing of loans that "victimized homeowners across the country." (*Id.* at 7-8, 12.)

The Amended Complaint does not specify which of this alleged misconduct applies to which Plaintiff or Defendant. Other than through broad generalizations, the Amended Complaint does not indicate what type of harm was suffered by each Plaintiff. The Amended Complaint does not state which financial institution was responsible for which type of wrongdoing. It does not state with specificity how each Plaintiff was harmed, and by whom. The Court is unable to decipher any specific factual allegations in the twenty-seven page Amended Complaint.

**B.     Procedural History**

Plaintiffs filed their original Complaint on December 17, 2012, and an Amended Complaint on February 13, 2013. (Doc. Nos. 3, 14.) Deutsche Bank moved to dismiss on January 17, 2014. (Doc. No. 71.) Four individual Plaintiffs filed oppositions to the motion to dismiss on January 28, February 3, and February 4. (Doc. Nos. 102, 132, 139-41.) Deutsche Bank filed a Reply on February 25, 2014. (Doc. No. 191.)

The BofA Defendants moved to sever and dismiss on February 19, 2014. (Doc. No. 166.) Between February 19 and March 4, four individual Plaintiffs filed oppositions to the BofA Defendants' motions. (Doc. Nos. 169, 174, 192, 221.) The BofA Defendants filed a Reply on April 3, 2014. (Doc. No. 315.) On April 21, 2014, WRI submitted a motion to dismiss by joining in the pending motions to dismiss filed by the BofA Defendants. (Doc. No. 327.)

### III.     DISCUSSION

**A.     Standard for Dismissal Under Rule 12(b)(5)**

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss on the basis that service of process was improper. Fed. R. Civ. P. 12(b)(5). Rule 4(h) provides that a corporation must be served "in a judicial district of the United States" in one of two ways:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In New York, a corporation may be served by personal service on a

3

director, officer, managing or general agent, or cashier or assistant cashier, or any other agent authorized by law to accept service. N.Y. C.P.L.R. § 311(a)(1). Although the standards for service on corporations "are to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice," the Second Circuit has stated that "there must be compliance with the terms of [Rule 4], and absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained." *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir. 1972).

1. **Deutsche Bank's Motion to Dismiss**

In its motion to dismiss, Deutsche Bank cites four reasons why the case should be dismissed: (1) Plaintiffs failed to serve Deutsche Bank, in violation of Rule 4 of the Federal Rules of Civil Procedure; (2) the Court lacks personal jurisdiction over Deutsche Bank, in violation of Rule 12 of the Federal Rules; (3) venue in the Southern District of New York is inappropriate because Plaintiffs' lawsuit concerns mortgage loans, real property, and foreclosures in the State of Georgia; and (4) Plaintiffs "fail entirely to accuse Deutsche Bank, individually, of any wrongdoing," in violation of Rule 8 of the Federal Rules. (*See* Deutsche Bank National Trust Company's Mem. of Law in Supp. of its Mot. to Dismiss Pls.' Am. Compl. ("Deutsche Bank Mem. of Law") at 4-5.) Deutsche Bank National Trust Company acknowledges that it is the holder of a mortgage loan and security deed secured by Plaintiff Lorraine Hunter's real property in Georgia; other than that fact, Deutsche Bank claims it has no involvement in this lawsuit. (*See id.* at 6, 9.)

In the caption to the Amended Complaint, Plaintiffs named Deutsche Bank Trust Company as a defendant. (*See* Doc. No. 14.) By Order dated February 26, 2013, United States District Judge George B. Daniels ordered Plaintiffs to serve all Defendants within 120 days.

4

(Doc. No. 19.) The Court twice extended Plaintiffs' time to serve the Amended Complaint on Defendants. (Doc. Nos. 33, 55.) On January 13, 2014, Plaintiffs, through the United States Marshals Service, served "Deutsche Bank Trust" at 60 Wall Street, New York, New York. (*See* Doc. No. 97.) On January 16, 2014, Plaintiffs filed an Affidavit of Process Server stating that "Deutsche Bank" had been served at 60 Wall Street, New York, New York. (*See* Doc. No. 103.) The registered address for Deutsche Bank National Trust Company is 300 South Grand Avenue, 41st Floor, Los Angeles, California. (Deutsche Bank Mem. of Law at 4.) There is no record of service upon Deutsche Bank National Trust Company.

Deutsche Bank argues that Plaintiffs "served the wrong entity" and that, therefore, Deutsche Bank was never properly served. (Deutsche Bank National Trust Company's Reply Brief in Supp. of its Mot. to Dismiss Pls.' Am. Compl. ("Deutsche Bank Reply") at 4.) Because Plaintiffs "failed to perfect service of process" upon it under Rule 4, Deutsche Bank urges the Court to dismiss the Amended Complaint. (Deutsche Bank Mem. of Law 7.) The Court agrees. "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Darden v. DaimlerChrysler N. Am. Holding Corp.,* 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) (citing *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd,* 173 F .3d 844 (2d Cir.1999)). Although Plaintiffs filed numerous oppositions to Deutsche Bank's motion to dismiss (*see, e.g.*, Doc. Nos. 102, 139, 140, 141), they have provided no proof of service upon the correct entity, Deutsche Bank National Trust Company. The Court therefore recommends that Deutsche Bank's motion be **GRANTED**, and that, with respect to Deutsche Bank, the Amended Complaint be **DISMISSED** for insufficiency of process.

B.     **Standards for Joinder and Severance Under Rules 20 and 21**

Rule 20 of the Federal Rules of Civil Procedure provides that plaintiffs may join in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Under this rule, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

Although misjoinder of parties "is not a ground for dismissing an action," the Court may add or drop a party, or sever any claim against a party. Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988). Parties are misjoined "if the claims asserted against them 'do not arise out of the same transaction or occurrence or do not present some common question of law or fact.'" *Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996) (quoting *American Fidelity Fire Insur. Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164, 190 (D.Vi. 1975)).

In ruling on a party's motion to sever, courts should be guided by "considerations of convenience, avoidance of prejudice to the parties, and efficiency." *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003). Relevant factors to consider are "(1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence." *Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co.*, 2004 WL 1586429, at *1

(S.D.N.Y. July 15, 2004) (citing *Preferred Med. Imaging, P.C. v. Allstate Ins. Co.*, 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004)).

### 1.     The BofA Defendants' Motion to Sever

The BofA Defendants argue that the fifteen Plaintiffs in this action are misjoined because their claims "arise out of fifteen loan transactions with different lenders and loan services that took place at different times and involved unrelated properties located in five different states." ((Mem. of Law of Defs. Bank of America, N.A., CitiMortgage, Inc., JP Morgan Cahse Bank, N.A., US Bank National Association, as Trustee for Sail 2006-BNC3 and Wells Fargo Bank, N.A. in Supp. of their Mot. to Sever and Dismiss Pls.' Am. Compl. ("BofA Defs.' Mem. of Law") at 1-2.)  They urge the Court to sever and dismiss without prejudice the claims of the misjoined Plaintiffs, and then dismiss all claims of the first-named Plaintiff, Deborah Saunders ("Saunders"), with prejudice.  (*Id.* at 1, 2.)

WRI seeks to "incorporate[] by reference all arguments and requests for relief" made by the BofA Defendants.  (WRI Mot. to Dismiss the Am. Compl.)  WRI argues that, even though WRI and a WRI employee are identified in Plaintiffs' pleadings, "there are no allegations in the Complaint that could give rise to a plausible claim for relief, much less any allegation of any acts committed by WRI that caused injury to any of the Plaintiff [sic]."  (*Id.*)  The Court hereby **GRANTS** WRI's request to join the BofA Defendants' motion to dismiss.

The Court agrees that Plaintiffs have violated Rule 20, and that their claims should be severed.  Plaintiffs do not even attempt to argue that their claims arise out of the same transaction.  Even if Plaintiffs were able to demonstrate that their claims arose out of the same occurrence, the Court would recommend severance based on considerations of judicial economy and fairness.  As the BofA Defendants correctly note, "the joinder of unrelated *pro se* Plaintiffs

has resulted in the filing of numerous duplicative motions and filings that the Court had to expend substantial resources to resolve." (BofA Defs.' Mem. of Law at 6-7.) I therefore recommend that the Plaintiffs' claims be **SEVERED**, and that all but the first named Plaintiff, Saunders, be **DISMISSED**.

## C. Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may assert a motion to dismiss for failure to state a claim on which relief can be granted. In deciding a motion to dismiss, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, a court is not bound to accept as true a legal conclusion couched as a factual allegation. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557).

Under *Twombly*, the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007); *see also Elektra Entm't Group, Inc. v. Santangelo*, No. 06 Civ. 11520 (SCR) (MDF), 2008 WL 4452393, at *2 (S.D.N.Y. Oct. 1, 2008). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. 544 at 556. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

Given Plaintiffs' *pro se* status, the Court must "take care to construe [their] papers liberally." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), and interpret the complaint "to raise the strongest arguments [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Despite the "special solicitude" that courts in this Circuit must accord to *pro se* submissions, *see Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir. 2006), a complaint should be dismissed where it "plainly fails to 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged.'" *Fuentes v. Tilles*, 376 Fed. App'x 91, 92, 2010 WL 1838702, at *1 (2d. Cir. May 10, 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. at 677). For example, when a plaintiff "makes no attempt, in its pleadings, to specifically allege what particular acts were taken by which of the defendants," dismissal of the case is appropriate. *Appalachian Enters. v. ePayment Solutions Ltd.*, 01-CV-11502 (GBD), 2004 WL 2813121, at *1 (S.D.N.Y. Dec. 8, 2004).

### 1. The BofA Defendants' Motion to Dismiss

The BofA Defendants argue that Saunders's claims "fall far short of the federal pleading standards" and should therefore be dismissed. (BofA Defs.' Mot. at 8.) They write: "Plaintiffs do not allege any facts concerning from whom they obtained their mortgage loans, the amount of the mortgage loans, the address of the mortgaged properties or their performance in repaying their mortgage loans." (*Id.* at 3.) Because Saunders's allegations are devoid of any "Defendant-specific allegations" and Saunders has not indicated the "unique circumstances of the origination and servicing" of each loan, the BofA Defendants argue that she has failed to state a claim. (*Id.* at 8.) The Court agrees. Based on Saunders's submissions, the Court has been unable to determine which financial institution violated her federally protected rights and how those rights were violated. Also unclear are when each financial institution committed each alleged

9

violation, or why Saunders is entitled to relief. Because the Court cannot "draw the reasonable inference that the defendant[s are] liable for the misconduct alleged," *Fuentes*, 2010 WL 1838702, at *1, I recommend that the BofA Defendants' motion be **GRANTED** and that the Amended Complaint be **DISMISSED**.[1]

---

[1] Although the Court recommends that the claims of the other Plaintiffs be severed, and dismissed on that basis, the Court notes that the claims and submissions of the other Plaintiffs suffer from the same deficiencies as Saunders's and would be subject to dismissal on the merits.

## IV. CONCLUSION

In conclusion, I recommend that:

(1) Deutsche Bank's motion to dismiss Plaintiffs' Amended Complaint as to it be **GRANTED**;

(2) WRI's request to join in the BofA Defendants' motion to dismiss be **GRANTED**;

(3) The BofA Defendants' motion to sever be **GRANTED**;

(4) The BofA Defendants' motion to dismiss Saunders's Amended Complaint be **GRANTED**; and

(5) The Amended Complaint be **DISMISSED** in its entirety.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: August 29, 2014**
**New York, New York**

Respectfully Submitted,

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge