UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

DEBORAH A. SAUNDERS, et al.,

                            Plaintiffs,

       -against-

BANK OF AMERICA, et al.,

                           Defendants.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 2 2014

MEMORANDUM DECISION
AND ORDER

12 Civ. 9201 (GBD) (RLE)

GEORGE B. DANIELS, United States District Judge:

Fifteen *pro se* Plaintiffs bring this action against Defendants Bank of America, N.A. ("BofA"), Citi Mortgage, Inc. ("Citi"), JP Morgan Chase Bank, N.A. ("JP Morgan"), Wells Fargo Bank, N.A. ("Wells Fargo"), Deutsche Bank National Trust Company ("Deutsche Bank"), U.S. Bank, National Association ("U.S. Bank"), and WRI Capital Group LLP ("WRI") (collectively, "Defendants"), alleging a variety of civil claims[1] in connection with residential mortgages issued or serviced by Defendants. Plaintiffs' Amended Complaint seeks more than four billion dollars in damages; costs and attorneys' fees; and the issuance of an unspecified permanent injunction for Defendants' alleged participation in "racketeer practices of banking conspiracy to defraud American homeowners to seize their real estate." (Am. Compl., ECF No. 14 at 8, 24.) Defendant Deutsche Bank moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil

---

[1] In their Amended Complaint, Plaintiffs claim violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, among other statutes. (*See* Am. Compl., ECF No. 14 at 2, 13-14, 18.)

Procedure 12(b)(2), (3), and (6). (ECF No. 71.) Defendants BofA, Citi, JP Morgan, U.S. Bank, and Wells Fargo (the "BofA Defendants") moved to sever and dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), 12(b)(6), 20(a), and 21 (ECF No. 166), a motion in which Defendant WRI later moved to join (ECF No. 327). Before this Court is Magistrate Judge Ronald L. Ellis's Report and Recommendation ("Report"), in which he recommended that this Court grant: (1) Deutsche Bank's motion to dismiss; (2) the BofA Defendants' motion to sever; (3) the BofA Defendants' motion to dismiss Plaintiff Deborah A. Saunders's Amended Complaint; and (4) WRI's motion to join in the BofA Defendants' motion to dismiss, and therefore dismiss the Amended Complaint. (Report at 11.) Magistrate Judge Ellis's Report is adopted. Defendants' motions are GRANTED. The instant action is DISMISSED.

## Relevant Facts

Plaintiffs are homeowners from several states (including Georgia, Utah, and Colorado) who claim they were defrauded by Defendants through a "pattern and practice of racketeering" involving the origination of and servicing of residential loans. (Report at 1-2; Am. Compl., ECF No. 14 at 8.) As generally described in the Amended Complaint, the Defendants' scheme "was set-up [as] a program for homeowner[] victims to fail," whereby Defendants would notify Plaintiffs that they were in default of their loans and subsequently "grab" Plaintiffs' land. (*See* Am. Compl., ECF No. 14 at 7, 12.) Plaintiffs do not allege facts specifying how they were individually harmed, nor do they identify which Defendants were responsible for the wrongdoings of which they complain. (Report at 2.)

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 11; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).) No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

## Deutsche Bank's Motion to Dismiss

Magistrate Judge Ellis correctly found that Plaintiffs' inadequate service of process justified granting Deutsche Bank's motion to dismiss. (*See* Report at 4-5.) On a motion to dismiss for deficient service of process, "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010). Because Plaintiffs served their summons and Amended Complaint to "Deutsche Bank" at 60 Wall Street, New

York, New York—and not to the registered address of Deutsche Bank National Trust Company at 300 South Grand Avenue, 41st Floor, Los Angeles, California[2]—proper service has not been effected. (*See* ECF No. 103; Report at 5.) Plaintiffs have had ample time to serve the Defendant and have failed to do so; dismissal of their suit against Deutsche Bank is therefore warranted.

### BofA Defendants' Motion to Sever and Dismiss

Magistrate Judge Ellis properly determined that the Plaintiffs in this action are misjoined. (*See* Report at 7-8.) Joinder of plaintiffs is permitted if they claim relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The Court may sever any claim against a party and drop a party from an action. *See* Fed. R. Civ. P. 21. Joinder is inappropriate here because Plaintiffs make sweeping allegations—concerning separate mortgage transactions for properties located in multiple states and managed by different Defendants—and do not explain how their claims arose out of the same transaction or occurrence, let alone which common questions link their claims. (*See* Report at 7.) Judge Ellis's recommendation to sever and dismiss all claims except those of the first named Plaintiff, Saunders, was therefore not in error.

The Report further determined that Saunders's Amended Complaint should be dismissed for failure to state a claim. (Report at 9-10.) To survive a motion to dismiss on this ground, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that contain "only conclusory, vague or general allegations" are insufficient. *See Detko v. Blimpies Rest.*, 924 F. Supp. 555, 557 (S.D.N.Y. 1996). In this case, Magistrate Judge

---

[2] *See* Deutsche Bank Reply Mem., ECF No. 135 at 4 n.4.

4

Ellis properly concluded that the Amended Complaint is devoid of specific facts establishing which Defendant violated Saunders's rights; when and in what manner the violation occurred; and why Saunders was entitled to relief.[3] (*See* Report at 9-10.) Absent these facts, Saunders's "conclusory, vague or general allegations" cannot withstand the BofA Defendants' motion to dismiss. *See Detko*, 924 F. Supp. at 557.

Finally, because the Court has granted the BofA Defendants' motion to sever and dismiss, and because WRI incorporated the BofA Defendants' arguments and requests for relief in its papers (*see* WRI Mot., ECF No. 327 at 2), the Court hereby GRANTS WRI's request to join in this motion as it will promote the interests of justice.

---

[3] *See, e.g.*, "The defendants used interstate and in[]trastate commerce to do their deed of misfiling, false claims[,] and land grabbing from illegal activities, unauthorized trusts. Defendants['] racketing enterprise consist[s] of affiliate networks from state to state in efforts of circumventing state laws by undermin[ing] another state[']s rules." (Am. Compl., ECF No. 14, at 12); "The defendants set up the [Plaintiffs] for DEFAULT." (*id.* at 13); "The defendants fail[ed] to offer home counseling before they proceed[ed] to seize properties from homeowners." (*id.* at 14); "[Plaintiffs] were discriminated [against] . . . in the fees they paid, [which were] material violations in the origination of their transactions." (*id.*).

5

## Conclusion

Magistrate Judge Ellis's recommendation to dismiss the Amended Complaint is adopted. Defendants' motions to dismiss are GRANTED. The instant action is DISMISSED. The Clerk of the Court is directed to close the motions at ECF Nos. 71, 166, and 327, and this case.

Dated: New York, New York
       September 22, 2014

SO ORDERED.

SEP 22 2014

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge